**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sema Logistics Incorporated, | No. CV-23-02098-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Alternative Heavy Towing Incorporated, et al., | |
| Defendants. | |

Defendant Alternative Heavy Towing Inc.'s ("AHT's") motion to dismiss was granted in part and denied in part, allowing plaintiff Sema Logistics Inc.'s conversion, breach of contract, and promissory estoppel claims to proceed. (*See* Doc. 26.) AHT then filed an answer asserting a variety of affirmative defenses. (Doc. 27.) Sema moves to strike some of those defenses. (Doc. 30) AHT's opposition fails to address the legal flaws identified in Sema's motion. (Doc. 33.) The motion to strike is granted.

**I.  Analysis**

A motion to strike under Rule 12(f) allows a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citation omitted).

Sema moves to strike nine of AHT's affirmative defenses:

1. Sema failed to state a claim upon which relief can be granted;
2. Sema lacks standing for its claims;
3. Sema's claims are preempted;
4. Sema's claims are barred because AHT had a lien on its property;
5. Sema was contributorily negligent;
6. Sema was negligent;
7. Sema assumed the risk of its damages; and
8. the statute of frauds bars Sema's claims.

(Doc. 27 at 15–16.) Sema also moves to strike AHT's catch-all affirmative defense paragraph which lists multiple affirmative defenses that AHT "does not presently have specific facts in support of" but after discovery "may, indeed, be supported by the facts." (Doc. 30 at 1 (citing Doc. 27 at 17).)

Sema argues AHT's affirmative defenses do not apply to the remaining claims as a matter of law. AHT does not respond substantively to those arguments, instead claiming its affirmative defenses are valid because they are designed only to give Sema notice and do not prejudice it. (Doc. 33 at 1.) In failing to respond to Sema's arguments, AHT has conceded them. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases holding that failure to respond to an argument in an opposition brief may constitute a concession of the argument). Some of AHT's affirmative defenses also fail on independent grounds.

Sema moves to strike AHT's first affirmative defense—that it failed to state a claim upon which relief may be granted. (Doc. 30 at 5–6.) Courts "generally hold that failure to state a claim is not an affirmative defense." *Satanic Temple, Inc. v. City of Scottsdale*, 423 F. Supp. 3d 766, 778 (D. Ariz. 2019) (citing cases). Such a defense is improper when, as here, "the answer does not provide any further explanation," thus failing to give the plaintiff notice of how it failed to state a claim. *Id.* The motion to strike is granted.

Sema moves to strike AHT's second affirmative defense—lack of standing. (Doc. 30 at 6.) "A defense which demonstrates that plaintiff has not met its burden of proof is not

an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Asserting a lack of standing is "exactly" such a defense because the plaintiff bears the burden of establishing standing. *Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013). Accordingly, Sema's motion to strike AHT's lack-of-standing affirmative defense is granted.

AHT's third affirmative defense alleges preemption of Sema's Carmack Amendment apportionment claim under 49 U.S.C. § 13506(b)(3). (Doc. 27 at 15.) Because Sema's apportionment claim was dismissed (Doc. 26 at 11), this defense is "immaterial[.]" *See* Fed. R. Civ. P. 12(f). AHT's third affirmative defense is thus stricken.

AHT's fourth affirmative defense alleges it "held a lien pursuant to A.R.S. § 33-1022(a), which bars Plaintiff's claims." (Doc. 27 at 15.) That statute states "[p]roprietors of garages and repair and service stations shall have a lien upon motor vehicles of every kind and aircraft, and the parts and accessories placed thereon, for labor, materials, supplies and storage for the amount of the charges, when the amount of the charges is agreed to by the proprietor and the owner." A.R.S. § 33-1022(a). AHT, however, stated in its answer that it "operates exclusively as a towing company" (Doc. 27 at 2) and Sema correctly notes that AHT "has provided no facts or notice . . . as to how th[is] provision applies to it as a towing company or under the facts of this case." (Doc. 30 at 8.) Because AHT did not respond to this argument (Doc. 33), its fourth affirmative defense is stricken. *See Ramirez*, 941 F. Supp. 2d at 1210.

AHT's affirmative defenses for contributory negligence and negligence do not apply to the remaining claims for conversion, breach of contract, and promissory estoppel. Contributory negligence "is not a defense extended to intentional torts," *Frontier Motors, Inc. v. Horrall*, 17 Ariz. App. 198, 201 (1972), and "conversion is an intentional tort[.]" *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1164 (D. Haw. 2012). Further, negligence defenses do not apply in breach-of-contract claims. *See Fed. Deposit Ins. Corp. v. Mahan*, No. CV-1105414 MMM (VBKx), 2011 WL 13220717, at *5 (C.D. Cal. Nov. 22, 2011); *Richards v. Del Webb Communities, Inc.*, No. 11-0368-PHX-SMM,

2012 WL 12795683, at *3 (D. Ariz. Mar. 27, 2012). Because AHT did not contest Sema's argument that negligence is irrelevant in the promissory estoppel context, it has conceded the point. *See Ramirez*, 941 F. Supp. 2d at 1210. AHT's contributory negligence and negligence affirmative defenses are stricken.

AHT's seventh affirmative defense asserts Sema "assumed the risk of its damages[.]" (Doc. 27 at 16.) Sema claims assumption of risk is not a defense to breach of contract. (Doc. 30 at 9.) Sema is correct. "[T]he theory of implied assumption of risk has no bearing on a breach of contract claim[.]" *Richter v. City of Des Moines*, No. C10-461MJP, 2012 WL 1099179, at *3 (W.D. Wash. Apr. 2, 2012). AHT did not address Sema's argument that assumption of risk is also inapplicable to conversion and promissory estoppel, thus conceding the issues. *See Ramirez*, 941 F. Supp. 2d at 1210. For these reasons, AHT's assumption-of-risk affirmative defense is stricken.

AHT's eighth affirmative defense asserts Sema's claims for fraud, breach of contract, promissory estoppel, declaration of rights, and apportionment are barred by the Arizona Statute of Frauds, A.R.S. § 44-101. (Doc. 27 at 16.) Only two of those claims are still at issue: breach of contract and promissory estoppel. Sema argues the statute does not apply in this case, and AHT does not dispute that in its opposition to the motion to strike. (*See* Doc. 33.) By failing to respond, AHT has conceded the issue. Accordingly, its statute-of-frauds affirmative defense is stricken. *See Ramirez*, 941 F. Supp. 2d at 1210.

AHT's final affirmative defense purports to notify Sema that it may later raise a broad list of other affirmative defenses "which, through subsequent discovery may, indeed, be supported by the facts[.]" (Doc. 27 at 17.) This amounts to an attempt to reserve potential defenses for future use. *See Messick v. Patrol Helicopters, Inc.*, No. CV-07-039-BU-CSO, 2007 WL 2484957, at *4 (D. Mont. Aug. 29, 2007) ("Reserved defenses merely indicate a possible willingness to assert a defense in the future."); *see also Miller v. S & S Hay Co.*, No. 1:12-CV-01796-LJO, 2013 WL 4679647, at *3 (E.D. Cal. Aug. 30, 2013) (describing a reservation of affirmative defenses similar to AHT's). Courts consistently hold that "the reservation of future affirmative defenses is not properly brought as an affirmative

defense." *Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2022 WL 2181661, at *3 (E.D. Cal. June 16, 2022); *see also Cagno v. Synchrony Bank*, No. 21-CV-03105-JST, 2021 WL 11701383, at *3 (N.D. Cal. Nov. 29, 2021). Accordingly, AHT's twelfth affirmative defense is stricken.

Sema's motion to strike paragraphs 115–118, 120–21, 123–24, and 126 of AHT's answer is granted.

Accordingly,

**IT IS ORDERED** Sema's motion to strike (Doc. 30) is **GRANTED**.

Dated this 10th day of February, 2025.

Honorable Krissa M. Lanham
United States District Judge